### James F. Braman *vs.* Samuel F. Dowse.

A stipulation in a deed, accepted by the grantee, that he shall "assume" an outstanding mortgage on the premises conveyed, is broken by a failure to pay the mortgage debt, within a reasonable time after its maturity, and the grantor has a right of action against the grantee, for at least nominal damages, upon the entry of the mortgagee to foreclose, for non-payment of the mortgage debt.

Assumpsit for breach of a contract to pay a certain debt due from the plaintiff. At the trial in the court of common pleas, before *Mellen*, J., it appeared that the plaintiff, on the 10th of October, 1846, sold the defendant a house lot in Somerville, the consideration of which was $2,700, and the deed contained this clause: "the same premises being subject to a mortgage of $1,150.40, which said Dowse is to assume, it being a part of the above consideration." This mortgage debt was due July 1, 1846, and as the defendant paid nothing

upon it, the assignee of the mortgagee, duly entered for the purpose of foreclosure, September 24, 1847, the defendant having, in the mean time, conveyed the premises to Aaron P. Kline. The action was brought September 17, 1849, and the presiding judge ruled that it was prematurely commenced, as three years had not elapsed since the entry to foreclose, and directed a verdict for the defendant. The plaintiff excepted to such ruling.

*P. Oliver*, for the plaintiff.

*I. W. Richardson*, for the defendant. The contract between the parties is merely one of indemnity. As the plaintiff had paid nothing when the action was commenced, and had not then lost his equity of redemption, he had not then been damnified, and, therefore, had no right of action against the defendant. If otherwise, he might as well have sued him the day after the deed was delivered.

SHAW, C. J. The case shows the acceptance of a deed-poll by the defendant, by which the plaintiff, for the consideration of $2,700, conveyed a parcel of land to the defendant, with a clause in the body of the deed, stating that " the premises were subject to a mortgage for $1,150.40, which said Dowse, the grantee, is to assume, it being part of the above consideration." That such an acceptance of a deed-poll, constitutes a contract and promise by the grantee to the grantor, seems well settled by authority. *Felch* v. *Taylor*, 13 Pick. 133; *Pike* v. *Brown*, 7 Cush. 133; *Goodwin* v. *Gilbert*, 9 Mass. 510. And when the stipulation is to pay the grantor's debt to a third person, it is a good promise by the grantee to the grantor created by law, on which an action will lie.

The nature and terms of such contract are determined by the words in which the reservation is made. The words of the present deed are, will " assume " a certain mortgage described. A reference to that mortgage on record, would show, that it was a mortgage given as collateral security for the plaintiff's note for the like amount, payable in three years, but then outstanding and overdue. It was part of the consideration money. Of course it was a reservation of so much of the plaintiff's money by the defendant, being suffi-

cient to pay the plaintiff's debt and thereby discharge the mortgage. The effect, therefore, of the undertaking to "assume" the mortgage, under these circumstances, was an undertaking to pay the plaintiff's debt out of a fund furnished to the defendant by him, for that purpose. The legal obligation undertaken was, if the plaintiff's note was not then due, to pay it at maturity and save any forfeiture of the land mortgaged; if the note was then due, the contract was to pay it forthwith, or within reasonable time, so as to avoid any entry by the mortgagee for breach of condition. By the deed to the defendant, the plaintiff had parted with the equity of redemption, and his only security for his purchase was this obligation of the defendant to take a sufficient portion of his money and pay his debt. More than a reasonable time had elapsed for such payment to be made, before this action was brought, and, therefore, the plaintiff had a good right of action, for the breach of this promise, when this action was commenced, and the direction of the judge, that it was prematurely commenced, in effect, that no action would lie until the mortgage should be foreclosed, was incorrect in matter of law.

This is not like those cases where actual and appreciable damage is the gist of the action; as, where one brings an action for special damages to himself, against another who has abused a common right, as that of making a ditch in the highway, by means of which the plaintiff fell in, and sustained damage; cases where according to common-law rules of pleading, the plaintiff must declare with a *per quod.* If there was not actual damage, there was no cause of action. But the breach of a promise, made on good consideration, will sustain an action, whether actual damage has been sustained or not. Whether on trial, the plaintiff could recover more than nominal damages, depends on facts not disclosed, facts which in the trial had not been reached when the judge ruled that the action could not then be maintained.

If the plaintiff had a good cause of action, when his action was commenced, and is entitled to some, at least nominal damages, we suppose that in the inquiry of damages, on the

issue found for him, he will recover all the damage sustained prior to such trial. Treating the contract as a promise of indemnity, the inquiry may be, whether the plaintiff has been called on to pay his note, and whether it has been paid and discharged by the foreclosure of the mortgage, whether the defendant has paid the plaintiff's note since the commencement of the action, which payment, though it would not avoid the action, would go in reduction of damages. But these inquiries will be all open on a new trial.

*Exceptions sustained ; new trial in this court.*